**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEXANDRU STURZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2500 |
| | § | |
| LOADMASTER ENGINEERING, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Alexandru Sturza, sued his former employer, Loadmaster Engineering, Inc. ("Loadmaster"), and its president, Roger M. Barnes, in August 2007, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2614(a)(1). In February 2008, Sturza moved for leave to file a first amended complaint.

In the proposed first amended complaint, Sturza seeks to add state-law claims arising from the defendants' alleged representations about the availability of FMLA benefits to Loadmaster employees. The defendants oppose the motion for leave on the bases that it is untimely and futile.

Based on a careful review of the motion, the opposition, the reply, and the applicable law, this court grants the motion for leave to amend. The reasons are explained below.

## I. Background

Sturza filed his motion for leave, (Docket Entry No. 10), and the proposed amended complaint, (Docket Entry No. 10, Ex. A), on February 18, 2008. The motion was filed well within the deadline for doing so, which the November 2007 scheduling and docket control order set at March 14, 2008. (Docket Entry No. 8). When Sturza filed his motion, the parties were in an early stage of discovery, in the process of scheduling depositions. (Docket Entry No. 10 at 2).

The proposed amended complaint continues the claims that Sturza was a nonexempt employee who was not paid overtime rates for work that exceeded forty hours in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a); that when Sturza complained about the failure to pay him overtime, he was fired in retaliation for his complaint, in violation of the FLSA antiretaliation provision, 29 U.S.C. § 215(a)(3); and that Sturza was fired when he was on FMLA leave, making his termination a violation of the FMLA as well as retaliation for exercising his FMLA rights. (Docket Entry No. 10, Ex. A). In the proposed amended complaint, Sturza adds allegations that Loadmaster's agents represented that the company had FMLA leave available as a benefit to its employees and that the defendants are liable for negligent and fraudulent misrepresentation and promissory estoppel under state law. (*See id.*, Ex. A).

The defendants urge that the proposed amended complaint is filed too late because it is based on facts known to Sturza when he filed suit. (Docket Entry No. 11 at 2–3). The

defendants also urge that the complaint is futile because the state-law claims are preempted. (*Id.* at 3–5). Both arguments are addressed.

## II. Analysis

### A. Timing

Because the proposed pleading amendment does not require modification of the scheduling order, Rule 15 of the Federal Rules of Civil Procedure applies, not Rule 16. Under Rule 15, although leave to amend pleadings is to be "freely give[n]," FED. R. CIV. P. 15(a)(2), it is "not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been '*undue delay*, bad faith or dilatory motive . . . , undue prejudice to the opposing party, and *futility of amendment*.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996) (emphasis added by *Jacobsen* court)).

The delay in this case is not "undue." The motion for leave to file the proposed amended complaint was filed well within the scheduling order deadlines and there is no showing of dilatory motive or bad faith in the timing.

### B. Preemption

The defendants also argue that the proposed amendments raising state-law claims for misrepresentation and estoppel are futile because the FMLA preempts these claims. The

standard used is set by Rule 12(b)(6)—whether the amended complaint states "a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6).

The FMLA requires an employer to give twelve workweeks of leave during any twelve-month period to an employee who has a serious health condition that prevents him from performing the functions of his job. 29 U.S.C. § 2612(a)(1)(D). Courts have held that the FMLA does not completely preempt state law. *See Bellido-Sullivan v. Am. Int'l Group, Inc.*, 123 F. Supp. 2d 161, 165–66 (S.D.N.Y. 2000); *see also Wulfekuhle v. Planned Parenthood of Greater Iowa, Inc.*, No. 4-02-CV-10282, 2003 WL 1233076, at *2 (S.D. Iowa Feb. 10, 2003) ("[T]he plain language of the FMLA makes clear that it does not completely preempt state law.") (citing *Bellido-Sullivan*, 123 F. Supp. 2d at 164–67; *Findlay v. PHE, Inc.*, No. Civ. 1:99CV00054, 1999 WL 1939246, at *3 (M.D.N.C. April 16, 1999); *Danfelt v. Bd. of County Comm'rs of Wash. County*, 998 F. Supp. 606, 611 (D. Md. 1998)). It has been noted that through section 2651(b), the FMLA's savings clause, "Congress explicitly left room for the states to provide family and medical leave rights above and beyond those provided by the FMLA."[1] *Alvarez v. Hi-Temp Inc.*, No. 03 C 2610, 2004 WL 603489, at *4 (N.D. Ill. March 24, 2004). But courts have also held that although the savings clause allows states to provide additional substantive leave rights, the remedies provided by section 2617 are the exclusive remedies for FMLA violations. "[T]he comprehensive detailed

[1] Section 2651(b) of the FMLA provides that "[n]othing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act." 29 U.S.C. § 2651(b).

enforcement provisions of the FMLA show an intention of Congress that the specific remedies set forth in § 2617 be the exclusive remedies available for a violation of the FMLA." *O'Hara v. Mt. Vernon Bd. of Educ.*, 16 F. Supp. 2d 868, 894 (S.D. Ohio 1998); *see also Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 866–67 (S.D. Iowa 2007) (noting that cases have found remedies provided by § 2617 to be exclusive for FMLA violations); *Cisneros v. Colorado*, No. Civ. A. 03CV02122WDMCB, 2005 WL 1719755, at *10–11 (D. Colo. July 22, 2005) (Section 1983 claim based on violation of FMLA was prohibited due to the exclusive nature of FMLA statutory remedies); *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 881 (N.D. Ohio 2004) ("[T]his court joins those that hold that § 2617 provides the exclusive remedies for an employer's violation of the FMLA."); *Kilvitis v. County of Luzerne*, 52 F. Supp. 2d 403, 419 (M.D. Pa. 1999) (finding that "the FMLA provides . . . comprehensive remedial measures . . . ."); *Jolliffe v. Mitchell*, 971 F. Supp. 1039, 1045 (W.D. Va. 1997) (same).

The remedies for violations of employees' FMLA rights include: (i) damages equal to the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation," or, if no such losses occurred, damages for "any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to the sum equal to 12 weeks [. . .] of wages or salary for the employee"; (ii) interest; and (iii) liquidated damages equal to the sum of the amount described in (i) and (ii). *Alvarez*, 2004 WL 603489, at *4 (quoting 29 U.S.C. § 2617(a)(1)(A)(i–iii)). Equitable relief, such as employment, promotion, or reinstatement,

may also be awarded. 29 U.S.C. § 2617(a)(1)(B).

The remedies available under the FMLA do not include damages for emotional distress or punitive damages, and courts have recognized this limit. *See, e.g.*, *Montgomery v. Maryland*, No. 02-1998, 2003 WL 21752919, at *2 (4th Cir. July 30, 2003) (unpublished) (emotional distress damages not covered under the FMLA) (citations omitted); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999) (same) (citation omitted); *Alvarez*, 2004 WL 603489, at *4 (neither emotional distress nor punitive damages available under the FMLA); *Harrington-Grant v. Loomis, Fargo & Co.*, No. 01C6344, 2002 WL 47152, at *6 (N.D. Ill. Jan. 11, 2002) (same); *Divizio v. Elmwood Care, Inc*., No. 97 C 8365, 1998 WL 292982, at *4 (N.D. Ill. May 28, 1998) (punitive damages not available); *McAnnally v. Wyn South Molded Prods., Inc*., 912 F. Supp. 512, 513 (N.D. Ala. 1996) (neither punitive nor emotional distress damages available).

In this case, Sturza proposes to add fraud, negligent misrepresentation, and promissory estoppel claims, alleging that he was informed that FMLA benefits would be available to employees. (*See* Docket Entry No. 10, Ex. A at 9–11). At least the negligent misrepresentation claim seeks exemplary damages. (*Id.*, Ex. A at 10). If these claims are based on a violation of FMLA rights and Sturza prevails, he potentially could recover compensatory damages, including damages for emotional distress, as well as punitive damages. Making those remedies available through a tort claim to rectify an FMLA violation would circumvent the "specific remedies set forth in § 2617" as the exclusive remedies available for an FMLA violation. *See O'Hara*, 16 F. Supp. 2d at 895 (Section 1983 action

premised on FMLA violation foreclosed); *Kiely v. Univ. of Pittsburgh Med. Ctr.*, No. 98-1536, 2000 WL 262580 (W.D. Pa. Jan. 20, 2000) (negligent supervision claim preempted to extent premised on FMLA violation)[2]; *Kilvitis*, 52 F. Supp. 2d at 418–19 (Section 1983 action premised on FMLA violation foreclosed); *Clay v. City of Chicago, Dep't of Health*, No. 96 C 3684, 1996 WL 613164, at *2 (N.D. Ill. Oct. 22, 1996) (dismissing § 1983 claim based on FMLA violation after plaintiff conceded that § 1983 could not be used to enforce violations of federal statutes with comprehensive enforcement schemes). As these courts have concluded, it would be "anomalous" to allow a plaintiff to pursue damages that the FMLA does not provide, which would "bypass the limitations Congress placed on remedies for FMLA violations by permitting a common law tort claim to proceed premised solely on an FMLA violation." *Alvarez*, 2004 WL 603489, at *5.

In *Cavin v. Honda of America Manufacturing*, the court explained that:

> [T]he savings clause does not prevent a plaintiff from filing a claim under another federal statute or a state statute that prohibits discrimination, when that statute provides its own enforcement scheme and remedies that do not have the effect of bypassing or conflicting with the FMLA. A claim under 42 U.S.C. § 1983 which is *founded solely on a violation of the FMLA* has the effect of bypassing and conflicting with the enforcement scheme of the FMLA, a result clearly not intended by Congress. Likewise, a claim based on public policy which is *founded solely on a violation of the FMLA* has the same effect. It equally is not a result intended by Congress and is not saved by the savings clause. In short, there is a vast difference between a case in which a claim based [on] a violation of the FMLA is joined with a claim based on another federal or state statute that has its own provisions for enforcement and

[2] Specific page number citations for this opinion are not available.

> remedies, and a case in which a claim based on a violation of the FMLA is joined with a claim that is also based on the rights granted by the FMLA but which circumvents and conflicts with the enforcement provisions and remedies set forth in the FMLA. The savings clause permits the former; it does not save the latter.

*Cavin v. Honda of Am. Mfg., Inc.*, 138 F. Supp. 2d 987, 993–94 (S.D. Ohio 2001) (emphasis added). The *Cavin* court concluded that "a state law claim for wrongful discharge in violation of public policy based solely on the rights set forth in the FMLA" could not proceed because Congress "set forth remedies for violations of [the FMLA]." *Id.* at 998.

Sturza's fraud, negligent misrepresentation, and promissory estoppel claims are not premised on an FMLA violation. These claims are asserted in the alternative to the FMLA claim. (*See* Docket Entry No. 13 at 4 ("Sturza's proposed First Amended Complaint alleges alternative claims for fraud, negligent misrepresentation and promissory estoppel.")). Sturza seeks to add the state-law claims in response to the defendants' contention that Sturza was not covered by the FMLA. (*See* Docket Entry No. 10 at 1–2). Sturza seeks leave to amend his complaint to allege that in the event it is determined that he was not covered by the FMLA, then the defendants are liable under state law for misrepresenting FMLA coverage available to Loadmaster employees. (*See* Docket Entry No 13 at 4–5 ("In short, Sturza's state law claims and a[n] FMLA violation are mutually exclusive. Either the FMLA applies to Sturza and it was violated or the Defendants told Sturza that he had FMLA protection when they knew that he did not.")). A state tort claim is not preempted by the FMLA if that tort claim is not based on an FMLA violation. *See Farina v. Compuware Corp.*, 256 F. Supp.

2d 1033, 1061–62 (D. Ariz. 2003) (finding no preemption of a promissory estoppel claim because "Plaintiff's promissory estoppel claim is not that her rights under the FMLA were violated, but that Compuware's promises to her (couched in terms of FMLA requirements) resulted in detrimental reliance.") (citing *Cavin*, 138 F. Supp. 2d at 993).

Courts have allowed the assertion of promissory and equitable estoppel claims based on alleged promises that FMLA benefits would be provided when those claims are not premised on an FMLA violation. *Cf. Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006) (overturning summary judgment order that had assumed inapplicability of doctrine of equitable estoppel, and stating that the doctrine could apply where there was an alleged misrepresentation that the plaintiff was an eligible employee under the FMLA); *Bala v. Jacobson Stores, Inc.*, No. 99-10482-BC, 2001 WL 1543503, at *10–11 (E.D. Mich. Nov. 27, 2001) (denying summary judgment on promissory estoppel claim that alleged that the employer's promise of continued employment upon extended absence "induced the plaintiff to give up his rights to which he was otherwise entitled under the FMLA"); *see also Farina*, 256 F. Supp. 2d at 1061–62 (in considering a motion to amend the complaint, the court rejected an objection that the proposed promissory estoppel claim was preempted by the FMLA because the promissory estoppel claim was based on the employer's promises about FMLA benefits, not on a violation of the FMLA rights themselves).[3]

[3] The *Farina* court ultimately denied leave to amend to add the promissory estoppel claim, despite the finding that there was no preemption, because the plaintiff had failed to allege reliance damages, as was required under Arizona law. *Farina*, 256 F. Supp. 2d at 1062–63.

The cases the defendants cite focus on preemption in the context of state-law claims based solely on FMLA violations. In *Kiely v. University of Pittsburgh Medical Center*, the court found preemption of a state-law negligence claim to the extent it was "premised upon actions of the Defendants violating the FMLA . . . ." *Kiely*, 2000 WL 262580 (citations omitted). Similarly, in *Alvarez*, the court found that "it would be anomalous to allow a plaintiff to bypass the limitations Congress placed on remedies for FMLA violations by permitting a common law tort claim to proceed *premised solely on an FMLA violation*." *Alvarez*, 2004 WL 603489, at *5 (emphasis added). In *Vargo-Adams v. United States Postal Service*, 992 F. Supp. 939, 940–41 (N.D. Ohio 1998), the plaintiff brought a claim under the FMLA after she was terminated for intermittent absences due to migraine headaches. The court dismissed the plaintiff's additional state-law wrongful discharge claim on the basis of FMLA preemption. *Vargo-Adams*, 992 F. Supp. at 944. The wrongful discharge claim would necessarily be based on the same conduct as the FMLA claim – the allegedly wrongful termination. In *McClain v. Southwest Steel Co.*, 940 F. Supp. 295, 297 (N.D. Okla. 1996), the plaintiff brought claims based on his employer's termination of his employment as a result of his absences. The court granted summary judgment for the defendant on a claim for wrongful discharge in violation of Oklahoma public policy, finding that "Plaintiff's statutory remedies under the federal Family and Medical Leave Act . . . and the Americans with Disabilities Act . . . are exclusive . . . ." *McClain*, 940 F. Supp. at 298. However, the *McClain* court did not consider whether state tort claims are always preempted by the FMLA, and, as in *Vargo-Adams*, a wrongful termination claim would necessarily be based on the

same act – the termination – that formed the basis for the FMLA claim.

Sturza's fraud, negligent misrepresentation, and promissory estoppel claims are not based on FMLA violations. Instead, the state-law claims are based on alleged representations about FMLA benefits, on which Sturza alleges he detrimentally relied. Because these additional claims are not premised on an FMLA violation, and because they would provide alternative theories of recovery in the event that the FMLA claim is not successful, they are not preempted by the FMLA. Because futility does not apply, the motion for leave to amend to add these state-law claims in the alternative to the FMLA claim is granted.

## III. Conclusion

The motion for leave to amend, (Docket Entry No. 10), is granted.

SIGNED on May 1, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge